**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RAFAEL JOSE MARIN-PINA,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, Warden of Wyatt Detention Facility; DAVID T. WESLING, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; U.S. Department of Homeland Security Executive Office for Immigration Review,<br>Respondents. | C.A. No. 26-cv-318-MRD-PAS |

## ORDER

On June 18, 2026, this Court denied Petitioner's Petition for Writ of Habeas Corpus after concluding that, pursuant to the Laken Riley Act ("LRA"), 8 U.S.C. § 1226(c), the Petitioner's March 2026 arrest for burglary subjected Petitioner to mandatory detention. The Petitioner has now returned to this Court with a Motion for Reconsideration (ECF No. 19) pursuant to Fed. R. Civ. P. 59(e), asking the Court to partially reconsider the denial of the relief requested. Rule 59(e) motions are "granted sparingly, and only when 'the original judgment evidenced a manifest error of law … or in certain other narrow situations.'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Glob. Naps, Inc. v. Verizon New Eng., Inc.*, 489

F.3d 13, 25 (1st Cir. 2007)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

In the Motion for Reconsideration, the Petitioner asserts that the Court made a manifest error of law by concluding that the LRA subjected him to mandatory detention. ECF No. 19 at 1. The Petitioner puts forth a statutory construction argument and suggests that, because the burglary charges were dismissed, his arrest no longer triggers the LRA.[1] *Id.* at 4–5. He also argues his detention without a bond hearing constitutes a due process violation and that the LRA was unconstitutionally applied to him because he "will never have an opportunity to contest the charges for which he is presumed innocent." *Id.* at 6.

Starting with the statutory construction argument, Petitioner asserts that, because the statute uses the present tense, "*is* charged," "detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses." ECF No. 19 at 4–5. Petitioner argues that detention was no longer mandatory after the burglary charges were dismissed because the "charge" occurred in the past and was not active or ongoing, thereby no longer meeting the present tense "is charged with" basis for mandatory detention. *Id.* at 7. The

[1] Under 8 U.S.C. § 1226(c)(1)(E)(ii), "[t]he Attorney general shall take into custody any alien who— . . . *is charged with, is arrested for, is convicted of, admits having committed, or admits committing* acts which constitute the essential elements of [] burglary . . . ." (Emphasis added).

Respondents read the statute differently. Despite acknowledging that the statute "could plausibly be interpreted" in the way the Petitioner suggests, ECF No. 22 at 6, the Respondents maintain that Petitioner's interpretation does not stand when all the words in § 1226(c) are considered together. *Id.* at 6–7. According to the Respondents, because other phrases within the statute, such as "is arrested for" and "admits having committed," are ongoing statuses, the "is charged with" status must be ongoing as well. *Id.*

While neither party has binding precedent to support their interpretation, it is this Court's opinion that Petitioner has the more cogent take. The Respondents' interpretation of the LRA cannot prevail for two reasons. First, the Respondents' position means that, in theory, they could hold Petitioner in detention indefinitely, providing him with no meaningful opportunity to contest the allegations or to request release—a clear due process violation. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (stating that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects").[2]

Second, as the Petitioner argues (ECF No. 19 at 5), the Respondents' interpretation must be rejected because if an arrest was enough to trigger indefinite

---

[2] As the Supreme Court fully explained, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person ... of ... liberty ... without due process of law.' Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992)).

detention under the LRA regardless of how, or even if, charges proceed through the criminal legal system, then the phrase "is convicted" becomes superfluous to "is charged." *See Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."). Including both "is charged" and "is convicted" indicates that the LRA is meant to continue applying to an individual as they proceed through the criminal process, and that it ceases to apply once the person is no longer under arrest or if the charge does not lead to an admission or a conviction. If "is charged with" was meant to lock a detainee into mandatory detention status in perpetuity, there would be no need to list "admits having committed" because the charge must precede the admission. Same with "is arrested for" – if that condition was sufficient to hold a detainee in mandatory detention status regardless of what happened next, then the remaining phrases are rendered superfluous. After considering the statutory language, the Court concludes that Petitioner's interpretation of the LRA is correct.

The Petitioner also argues a due process violation and applies the 3-factor balancing established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ECF No. 19 at 5–9. The Respondents fail to engage with the 3-factor test in their response and instead generally argue that the Petitioner is properly detained because the Supreme Court has held that, as a broad principle, mandatory detention under § 1226(c) does not violate due process. ECF No. 22 at 3–5 (relying on *Demore v. Kim*, 538 U.S. 510, 513 (2003) (holding mandatory detention under § 1226(c) does not violate due process

when the person was *convicted* of a crime) (emphasis added)). Because the Court concludes that Petitioner prevails on his statutory interpretation argument, the Court declines the invitation to engage with this constitutional argument.

Given the ambiguity present within § 1226(c)(1)(E)(ii) regarding the effect of this statutory section on petitioners, such as Marin Pina, whose qualifying charge was dismissed rather than prosecuted to an admission or conviction, along with the Petitioner's strong liberty interest at stake, the Court concludes that this Petitioner's circumstances present the kind of narrow situation in which a Motion for Reconsideration must be granted. The Respondents are therefore ordered to provide Petitioner with a bond hearing before an Immigration Judge within 10 days of entry of this Order. The parties are to file a status report within 48 hours of the bond hearing, informing the Court if bail was granted or denied, and if denied, the reason for the denial.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

07/21/2026